UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**Selim Betouche,**
A 76 491 241
*Petitioner,*

-v.-

**John D. Ashcroft**, US Attorney General,
**Michael Garcia**, Assistant Secretary of the
US Immigration and Customs Enforcement,
**Bruce Chadbourne**, Boston Field Director,
US Immigration and Customs Enforcement,
**Joseph F. McDonough**, Sheriff,
Plymouth County Correctional Facility,
*Respondent.*

No

04cv11175 GAO

Saher Macarius, Esq.
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Tel. 508-879-4443
Fax. 508-879-5444

### VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (WITH TEMPORARY RESTRAINING ORDER)

PETITIONER/PLAINTIFF (Petitioner), Selim Betouche, by and through his undersigned counsel, hereby petitions this Honorable Court to issue a writ of habeas corpus to review his unlawful detention by the United States Citizenship and Immigration Service (USCIS) and to enjoin his removal from the United States. Petitioner also files this action for declaratory and injunctive relief to protect his rights under both the Due Process Clause of the Fifth Amendment to the Constitution and applicable federal law. In support of this petition, Petitioner alleges as follows:

1

1998, the Immigration Judge denied this application.

12. Petitioner's former attorney thereafter filed an appeal of the IJ's decision with the Board of Immigration Appeals (BIA), but on January 21, 1999, the BIA dismissed Petitioner's appeal as untimely. Petitioner's former attorney did not inform Petitioner that the appeal had been dismissed or that Petitioner was subject to a final order of removal.

13. In April 2002, Petitioner was arrested by immigration officials based on a final order of removal.

14. Petitioner, through his former attorney, filed a Motion to Reopen with the Immigration Judge based on worsened country conditions in Algeria and Petitioner's fear of imminent removal to Algeria. The IJ denied the motion.

15. Through present counsel, Petitioner timely filed an appeal of the IJ's decision with the BIA. Petitioner's appeal alleged ineffective assistance of counsel and changed country conditions. Petitioner also filed a complaint with the Massachusetts Board of Bar Overseers against former counsel. The BIA denied Petitioner's appeal on October 31, 2002.

16. The petitioner timely filed a Petitioner for Review in the First Circuit. On February 12, 2004, the First Circuit affirmed the BIA dismissal of Petitioner's appeal of the IJ's denial of his Motion to Reopen. The First Circuit had granted a Stay of Removal pending its decision on the petition. **That stay terminated on February 12, 2004, upon the issuance of the decision of the First Circuit affirming the BIA order.**

17. Although he has no prior criminal record and is not a danger to the community,

Petitioner has remained in government custody throughout the appeals process.

## RIGHT TO JUDICIAL INTERVENTION

18. The basis for this Court's habeas jurisdiction to review the Petitioner's claim is contained in 28 USC §2241, the general grant of habeas jurisdiction bestowed on the federal district courts, which neither the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), *Henderson v. INS*, 157 F.3d 106 (2d Cir. 1998) *cert. den. sub nom. Reno v. Navas*, March 8, 1999, nor the IIRAIRA eliminated or amended.

19. The Petitioner is also entitled to have his detention reviewed under the common law and as a matter of constitutional right The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. constitution, Art. I, §9, Cl. 2(Suspension Clause).

20. In the present action, the petitioner asserts that his detention by the Respondent is in violation of the Constitution, the INA, and the APA.

## PETITIONER HAS NO CRIMINAL HISTORY IS NOT A DANGER TO THE COMMUNITY AND IS NOT A FLIGHT RISK

21. This Petitioner's continued detention violates Section 241(c) of the Immigration and Nationality Act) "Detention, Release, and Removal of Aliens Ordered Removed".

22. Petitioner does not have a criminal record and is not a danger to the community. Since he was taken into custody by the BCIS, Petitioner has complied with the rules of the custodial facility and has had no disciplinary problems. Moreover,

prior to his detention, Petitioner never had any problems with the police or other law enforcement agencies in Massachusetts or any other state. He has no criminal record and no history of violence in any manner. After more than two years in custody, Petitioner appreciates the freedoms and privileges that will be afforded to him if released. He has absolutely no desire or motivation to lose those freedoms and privileges by engaging in violent conduct. He also has no prior history of violence to which he would resort.

23. Petitioner's continuing detention is a violation of law and fairness. Petitioner has been in custody with a final order of removal for more than two years. **By law, the government must either effectuate his removal within 90 days after the date of the First Circuit decision affirming the BIA order.** 8 U.S.C. 1231; §241(a)(1) Immigration and Nationality Act. The 90 day period may be extended if an alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal". Id.

24. **The First Circuit entered a decision on February 12, 2004 affirming the order of the BIA. It has now been more than 90 days since the entry of the First Circuit's decision in this case and the government has failed to release Petitioner or to provide reasons for his not being released from custody.**

### THE DISTRICT COURT HAS AUTHORITY TO ORDER PETITIONER'S RELEASE.

25. This District Court can properly exercise its authority and release Petitioner pending action on his Petition for Review. Also a district court has the inherent power to release a petitioner as ancillary relief pending habeas corpus proceedings, where the court has found both a substantial claim for relief and

7

extraordinary circumstances warranting release. See e.g. Mapp v. Reno, CV-99-4240 (CFS) slip op. at 3-4 (E.D.N.Y. Oct. 5, 1999)(citing cases).

Petitioner's arguments in this vein are as follows: (1) that a district court's inherent authority to release a habeas petitioner on bail does apply in the immigration context; and (2) that the district court can exercise deferential review, even though there was no final detention decision to which to defer.

With regard to the first point, this Court should not distinguish the cases as they relate to habeas proceedings brought by prisoners in the criminal context and those in the immigration context. Federal courts have recognized that federal courts possess inherent power under the common law to release petitioners on bail pending the resolution of a habeas petition. See Ostrer v. United States, 584 F.2d 594, 596 n.1 (2nd Cir. 1978), citing Johnston v. Marsh, 227 F.2d 528, 531(3rd Cir. 1955) (explaining that federal courts do have inherent authority to release prisoners pending the resolution of a habeas petition, while noting former controversy over this issue). In United States ex re. Paetau v. Watkins, 164 F.2d 457, 460 (2d Cir. 1947), another habeas proceeding in the immigration context, this Court necessarily rejected the distinction between habeas authority in the criminal context, and habeas authority in the civil immigration context. Citing to court rules of habeas corpus used in the criminal context, this Court found that the district court did have the authority to release an immigrant pending the appeal of a denial of a habeas corpus petition challenging an order of deportation to Germany.

The power of district courts to set bail pending resolution of habeas corpus

proceedings has been reaffirmed by federal courts in the immigration context. See e.g. United States ex rel. Potash v. District Director 169 F.2d 747, 752 (2d Cir. 1948) (upholding the district court's exercise of authority to release the immigrant pending the appeal of a denial of habeas corpus relief). See also Yanish v. Barber, 97 L.Ed. 1637, 73 Sup. Ct. 1105 (1953)(ordering release of immigrant on bail pending appeal of an order dismissing a petition for habeas corpus); United States ex rel. Beiftage v. Shaughnessy, 212 F.2d 128 (2d Cir. 1954)(noting that the district court released immigrant on bail pending appeal); Rubinstein v. Brownell, 206 F.2d 449 (D.C. Cir. 1953)(finding under principles of habeas corpus that an immigrant was entitled to a preliminary injunction restraining the Government from revoking bail pending a proceeding to reopen an order of deportation), aff'd 346 U.S. 929 (1954); Tam v. INS, 14 F.Supp.2d 1184 (E.D.Cal. 1998).

**IMMIGRATION DETENTION MUST COMPORT WITH DUE PROCESS.**

26. Immigration detention involves the deprivation of a fundamental liberty interest and must be closely scrutinized to ensure that it is narrowly tailored to serve a compelling state interest. See Reno v. Flores, 507 U.S. at 301-2 (1993) (setting forth the standard for evaluating deprivations of fundamental liberty interests and citing, inter alia, U.S. v. Salerno, 481 U.S. 739, 746 (1987)). Deferential review is appropriate only where an alien is challenging a discretionary denial of release by the Attorney General.

**IMMIGRATION DETENTION IMPLICATES AN ALIEN'S FUNDAMENTAL LIBERTY INTEREST IN BEING FREE FROM PHYSICAL INCARCERATION.**

27. Freedom from physical restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80

9

(1992); see also U.S. v. Salerno, 481 U.S. 739, 755 (1987). This fundamental right applies to non-citizens as well whether they are in the country legally or illegally-- and is implicated by immigration detention pending deportation or removal proceedings. See Doherty v. Thornburgh, 943 F.2d 204, 209 (2d Cir. 1991) (even undocumented aliens have substantive due process right to be free of arbitrary confinement pending deportation proceedings), cert. dismissed nom. Doherty v. Barr, 503 U.S. 901 (1992). See Addington v. Texas, 441 U.S. 418, 425 (1979)(Commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.)(emphasis added)); Foucha v. Louisiana, 504 U.S. at 80(1992)(same); Harisiades v. Shaughnessy, 342 U.S. 580, 586 & n.9 (1952) (immigrants stand on equal footing with citizens under the Constitution in several respects, including the protection of personal liberty). Cf. Salerno, 481 U.S. at 748-749 (recognizing that in determining whether it comports with due process, a statute providing for pretrial detention must be evaluated in precisely the same manner as, inter alia, the detention of potentially dangerous resident aliens pending deportation proceedings.)

**DEFERENCE IS NOT WARRANTED MERELY BECAUSE ALIENS HAVE NO ABSOLUTE RIGHT TO RELEASE FROM IMMIGRATION DETENTION.**

28. In its opposition to requests to the federal district courts for release from custody, the Government often maintains that release from civil immigration custody pending removal has always been a privilege and a matter of grace, not a right or a constitutional entitlement. Petitioner states that the lack of an absolute right to release from immigration detention does not make the liberty interest that it implicates any less fundamental. A fundamental liberty interest in freedom from bodily restraint never provides an absolute entitlement to be free. Even citizens can be detained for non-punitive purposes pursuant to Congress' legitimate and

reasonable regulatory goals, and under those circumstances have no absolute right to release. See Salerno, 481 U.S. at 746 (the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment) (citation omitted). Similarly, Congress may authorize detention to ensure the appearance of aliens at removal proceedings and to protect the community during the removal process. However, since a fundamental liberty interest is at stake, such detention must comport with due process. Traditional due process scrutiny requires that deprivations of fundamental liberty interests must be narrowly tailored to serve a compelling state interest. See Reno v. Flores, *507* U.S. at 301-2 (1993) (citing, inter alia Salerno, 481 U.S. at 746 (1987)).

The Fifth Amendment of the Constitution provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." The argument of the Respondents that resident aliens do not have the same rights as citizens of the United States may have some value only where certain categories of rights are concerned, but certainly not where substantive, or basic human rights (**"We hold all men to be created equal..."**) are concerned. The Supreme Court recognized long ago that deportable non-citizens, even those who are unlawfully present in the United States, are protected by the Constitution. *See:* **Sin Vip Honarey Tiv. et al. v. Janet Reno**, A.G., et al., No. 99 C 0872 (Pallmeyer, J.), U.S. District Court for the Northern District of Illinois, Eastern Division, Amended Petition for Writ of Habeas Corpus (received 02/18/99).

The Associated Press reported on May 1, 1999, that the Honorable U.S. District Court Mary Lisi (Providence, RI), after ordering the release of an alien who, as the Petitioner herein, had been held in detention by the I.N.S. According

to the A.P., in The Providence Journal, Hon. Judge Lisi stated: "I find it incomprehensible that you can take a human being and keep them locked up for eternity", Lisi told a lawyer for the INS. "I cannot ascribe to that reading of the Constitution."

In Hermanowski v. Farquharson, et al., C.A. No. 97-220L, In the U.S. District Court for the District of Rhode Island (decided March 1, 1999) - where a petitioner had multiple convictions (a "prolific ... criminal history"), the Court made a thorough examination of the considerations of due process, the interests of society, etc. which should be weighed against a person's constitutional rights, and it also noted that "Several federal district courts have also recently decided that indefinite detention may violate a deportable alien's due process rights." (at p. 12, , *citations omitted*). In Hermanowski, the Court concluded: "an alien's substantive due process rights can never be violated by detention pending deportation, ...". The Court determined that: "Hermanowski's continued detention violates his substantive due process right to be free from arbitrary restraint on his liberty, ..."

## IRREPARABLE HARM

29. Petitioner's continuing detention is a violation of law and fairness. **Petitioner has been in custody with a final order of removal for more than two years.** By law, the government must either effectuate his removal within 90 days after the date of the First Circuit decision affirming the BIA order. 8 U.S.C. 1231; §241(a)(1) Immigration and Nationality Act. The 90 day period may be extended if an alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal". Id.

12

30. It has now been more than 90 days since the entry of the First Circuit's decision in this case and the government has failed to release Petitioner or to provide reasons for his not being released from custody.

31. Petitioner is not a criminal. His continued detention has had significant psychological, emotional, and financial repercussions. Petitioner has limited contact with family and friends, has suffered a complete loss of income, and has been forced to coexist with hardened criminals and other nefarious persons.

## PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner prays this Honorable Court to grant the following relief:

(a)  Issue a writ of habeas corpus, directed to the Respondent, ordering the release immediately of Petitioner on his own recognizance, or on a reasonable bond; or

(b)  Grant any other and further relief that this Honorable Court may deem fit and proper.

Dated: ~~May~~ June 2, 2004

Respectfully Submitted,
Selim Betouche, by his attorney

_____
Saher Macarius, Esq.
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Tel. 508-879-4443
Fax. 508-879-5444
BBO# 567460

## CERTIFICATE OF SERVICE

I hereby certify that on ~~May~~ June 2, 2004, a copy of this petition was served via Certified Mail upon the following:

John ASHCROFT
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001


Michael GARCIA
Assistant Secretary for the
U.S. Immigration and Customs Enforcement
c/o Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20258


Bruce CHADBOURNE, Boston Field Director
Bureau of Immigration and Customs Enforcement
c/o Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20258


Joseph F. McDonough, Sheriff
Plymouth County Correctional Facility (Jail and House of Correction)
26 Long Pond Road
Plymouth, MA  02360


United States Department of Justice
Executive Office for Immigration Review
Office of the Chief Clerk
Board of Immigration Appeals
5201 Leesburg Pike, Suite 1300
Falls Church VA 22041

14

United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston MA 02210

                                      Signed,

                                      Saher J. Macarius, Esq.
                                      21 Walsh Street
                                      Framingham MA 01701
                                      Ph.    508-879-4443

Date: _6/2/04_

15

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. Title of case (name of first party on each side only) __Betouche v. Ashcroft__

2004 JUN -2 P 3: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☒ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   n/a

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Saher J. Macarius, Esq.__
ADDRESS __21 Walsh Street Framingham MA 01701__
TELEPHONE NO. __508-879-4443__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Selim Betouche

### DEFENDANTS
John Ashcroft, US Attorney General
Michael Garcia, Asst. Sec. USICE
Bruce Chadbourne, Boston Field Dir. USICE
Joseph McDonough, Sheriff, Plymouth Cty.

(b) County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Saher J. Macarius, Esq.
Law Offices of Saher Macarius
21 Walsh Street Framingham MA 01701
508-879-4443

Attorneys (If Known)
US Attorney's Office
John J. Moakley US Courthouse
1 Courthouse Way Boston MA 02210

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
■ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ■ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
8 USC 1101 et. seq.; 5 USC et seq.; 28 USC 2241 et. seq. This case involves alien detention by USCIS.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):   n/a
JUDGE
DOCKET NUMBER

DATE  6/2/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____